## P. J. McGOWAN & SONS v. ENQUIST et al.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926.)

No. 4894.

**1. Tenancy in common ⬡➡38(2).**

Tenant in common, ousted from common property by cotenant, has adequate remedy at law to recover possession and any damages, and so cannot maintain suit in equity.

**2. Tenancy in common ⬡➡21.**

That one of tenants in common in fishing property has fishing license does not enlarge his interest in common property, or entitle him to use it to exclusion of cotenants.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by P. J. McGowen & Sons against Erick Enquist and others. From a decree of dismissal, plaintiff appeals. Affirmed.

W. Lair Thompson and Ralph H. King, both of Portland, Or., for appellant.

Miller, Wilkinson & Miller and A. L. Miller, all of Vancouver, Wash., for appellees.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing a complaint in equity. The complaint alleged that the appellant was the owner of a fish wheel located on the bed of the Columbia river, a navigable stream in which the tide ebbs and flows, on property owned by the state of Washington; that during the year 1925 the appellees interfered with the operation of the wheel and took the fish therefrom. The relief sought was a decree establishing title to the fish wheel in the appellant, enjoining the appellees from interfering with its operation, and for an accounting for the fish taken.

While these were the facts set forth in the complaint, an entirely different state of facts was disclosed on the final hearing. The fish wheel in question was located upon private property, and was operated by the appellant, for many years prior to 1925, under a license from the fish commissioner of the state of Washington, and under a lease from the abutting property owner. The lease, covering both fish wheel and site, expired in 1925, and the appellant thereafter obtained a new lease from some of the heirs of the original owner for an undivided two-sevenths interest in the wheel and property, and the appellees obtained a like lease from other heirs for the remaining five-sevenths interest. The latter lease was assigned to the Enquist Fish Company, a Washington corporation, prior to the commencement of this suit. So that, when this suit was instituted, the appellant was the owner or lessee of an undivided two-sevenths interest in the fish wheel and site, and a corporation, not a party to the suit, was the owner or lessee of the remaining five-sevenths interest.

[1, 2] Under the foregoing facts it should require little argument to show that the decree of the court below is right. If the appellant was ousted from the common property, which seems doubtful under the testimony, it had an adequate remedy at law to recover possession (Mabie v. Whittaker, 10 Wash. 656, 39 P. 172); and, if it sustained damage by reason of the ouster, it had the like remedy. The mere fact that it had a roving license from the state to take fish from the river did not enlarge its interest in the common property, or entitle it to use the common property for fishing, or for any other purpose, to the exclusion of its cotenants. In other words, the appellant complains that the appellees are making exclusive use of the common property, and it seeks the aid of a court of equity to enable it to do the same thing.

The decree is affirmed.